WINDSOR,
*February,*
1841.

Cummings
*v.*
Fullam.

</div>

The judgment of the county court is affirmed.

---

### STEPHEN CUMMINGS *v.* SEWALL FULLAM, JR.

Where two partners assigned their *joint* and *separate* property to an assignee, to pay their joint and their separate debts, and a suit is brought by the assignee to recover a debt due to one of the partners, the other partner is interested and cannot be a witness. Nor will his release of the surplus render him competent, as the cost of the suit would be a charge on the fund in the hands of the assignee.

THIS was an action of book account, in which judgment to account was rendered in the county court, and auditors were appointed, who reported, among other things, in substance, that the plaintiff and Edward Manning were formerly partners under the firm of Cummings & Manning, and, in 1837, they assigned to Daniel Perry all the partnership effects, and also all their separate property, in trust, for the payment of the creditors of the firm and their individual creditors.

Certain specified creditors were to be first paid. Other creditors named were next to be paid. A third class of creditors were next provided for, and the residue of the creditors were then to be paid, and the surplus of said property, if any remained, after paying expenses, &c., was to be delivered over to the assignors. Among the second class of creditors, provided for in the assignment, was John P. Finney, who was offered as a witness for the plaintiff, on the trial before the auditors. The defendant objected to his testifying on the ground of interest in the event of the suit; but the auditors overruled the objection, and admitted the witness, as it appeared that the property assigned to Perry would not pay the first class of creditors.

The plaintiff also offered said Manning as a witness, who

had released to Perry, the assignee, his interest in the surplus that might remain in Perry's hands, after the payment of the debts due from Cummings and Manning collectively and individually. The defendant objected to his testifying, notwithstanding the release; but the auditors permitted him to testify.

It appeared that the plaintiff's account, sought to be recovered in this action, accrued prior to the assignment to Perry, who prosecuted this suit. It further appeared that Cummings & Manning were both insolvent.

Other questions, than those above stated, were presented by the report, but, as they were not passed upon by this court, in this case, they are omitted, as well as the arguments of counsel thereon, in reporting the case.

The auditors found a balance due to the plaintiff. The defendant excepted to the report; but the county court overruled the exceptions, accepted the report, and rendered a judgment thereon for the plaintiff, and the defendant excepted to the decision of the county court.

*S. Fullam, Jr.* and *P. T. Washburn*, for defendant.

I. The auditors erred in admitting the testimony of Edward Manning, he being interested in the event of the suit, and his interest being in no way legally removed.

The case shows that the joint and several property of Cummings and Manning, was assigned to pay their joint and several debts.

The amount, then, recovered in this case, if any thing should be recovered, would go to increase the fund in the hands of the assignee, out of which the debts which Manning is liable to pay, are to be paid. Here is a direct interest in Manning to have his debts paid, and one which is not affected by his release of the surplus, only.

It may be said that the amount recovered in this suit, is the separate property of Cummings, and if appropriated to pay either the individual debts of Manning, or his portion of the joint debts, he will be liable to Cummings for that amount.

The report shows that Manning is insolvent, and that all his property, united with that of Cummings, is insufficient to pay the first class of preferred creditors. It is for Manning's

interest to have Cummings recover, for it is important for <span style="float:right">Windsor,<br>*February,*<br>1841.</span> him that as much of Cummings' property as possible should go in satisfaction of Cummings' debts, for thereby more of Manning's property is left to be applied in satisfaction of of his own liabilities.

Cummings
*v.*
Fullam.

However this may be, there is another view of the question, which seems to us conclusive. The funds in the hands of the assignee are holden for the costs of prosecuting this suit, and the avails of Manning's individual property are as much holden for this purpose as are those of Cummings'. We contend, then, that he stands precisely in the situation of one recognized to the defendant for costs of prosecution.

II. Finney had a direct interest to increase the fund in the assignee's hands, and was, therefore, incompetent to testify. 1 Sw. Dig. 741. 5 Johns. 258. 2 Day, 466. 2 Esp. R. 735. 1 Caines, 379. 2 Camp. R. 301.

The finding of the auditors that the property assigned would not pay the first class of creditors would not remove the disqualification of the witness. It does not appear that this fact was known to the witness, and, if it were, still, he might have testified under an expectation of so increasing the fund as to benefit himself.

*Tracy & Converse*, and *C. French*, for plaintiff, contended that Manning could have no interest in the property assigned to Perry, beyond the surplus, if any should remain in the hands of the assignee, after the payment of the joint and several debts of Cummings & Manning, and, having released that interest, he was a competent witness.

They also insisted that Finney was properly admitted to testify, as the whole property assigned to Perry was insufficient to pay the first class of creditors ; consequently, Finney could receive nothing under the assignment.

The opinion of the court was delivered by

Williams, Ch. J.—In the cases of Cummings & Manning, and Manning & Grew against this defendant, most of the questions in this case have been decided. It only remains to inquire, whether the auditors decided correctly in admitting the testimony of Manning and of Finney, on the trial of this case. It appears that both Manning, the wit-

HARVARD LAW SCHOOL LIBRARY

ness, and Cummings, the plaintiff, had been partners in trade, and had assigned all their joint, as well as their separate property, to Perry, for the purpose of paying their joint and separate debts. The present suit was brought by the assignee to recover one of the debts thus assigned. Both the plaintiff and Manning had a direct interest to increase the fund thus assigned, and to enable the assignee to recover any demand which was to be applied in payment of their debts, and both had an equal and direct interest in the present suit to enable the plaintiff to recover. This interest is not removed because Manning might be liable to Cummings, if the property of the latter is taken to pay the debts of the former. Manning's interest is direct to have Cummings' separate property collected and appropriated to pay either his share of the loss in the partnership, or his separate debts.

Furthermore, if the assignee fails to recover in this case, the costs of this suit, both of the plaintiff and the defendant, will be a charge upon the funds placed in the hands of the assignee, and it is no answer to the interest arising from this cause, that Cummings may, in the end, be responsible. The interest of a witness is not removed because he may have a claim for the amount which he may lose by the event of the suit, against a person of known property; much less when his claim is against a person found to be irresponsible.

For these reasons the judgment of the county court must be reversed, without deciding as to the interest of the other witness, Finney, with only this remark; that a release by Finney would have removed all objection to him on the ground of interest, and this he might with safety have executed, if he had no prospect of recovering his debt out of the property assigned. The judgment of the county court is reversed, and the cause must be again submitted to the auditors.